MORRIS J. BERNSTEIN *vs.* ROSWELL W. WARNER, SR., *et ux.*

NOVEMBER 15, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a bill in equity brought to enforce the provisions of a noncompetitive agreement. It was heard by a superior court justice on bill, answer and proof and resulted in the entry of a decree denying and dismissing the bill. The cause is before us on the complainant's appeal therefrom.

The bill of complaint recites that complainant is the sole stockholder of Lakewood Cab Co., Inc., a Rhode Island

corporation engaged in a taxi and cab service in the city of Warwick; that on June 22, 1961 he purchased all the stock and business for $1,500 from respondents, who were the owners, officers and operators; and that by the terms of the agreement, respondents were required and had agreed not to compete with complainant in the taxi or cab business in the city of Warwick for a period of five years. The bill further recites that notwithstanding such agreement, respondents were operating in competition throughout said city under the name of Warner Cab.

The evidence discloses that an agreement to sell Lakewood Cab Co., Inc. was entered into between the parties on June 22, 1961; that respondent Roswell W. Warner, Sr., was the sole stockholder; that respondent wife, although secretary of the corporation, merely assisted her husband in operating the business; and that the agreement was signed by "Roswell W. Warner Sr. Pres." and "Doris M. Warner—Sec." It appears from their testimony that they were president and secretary respectively of the corporation.

It further appears that complainant discussed with respondent Roswell W. Warner, Sr., the purchase of Lakewood Cab Co., Inc. and that, when the latter agreed to the proposal, complainant prepared the following instrument:

"22 June 1961

"Received of Morris J. Bernstein two hundred dollars ($200.00) downpayment for purchase of Lakewood Cab Co. Inc. including all stock and chattels.

"Lakewood Cab Co. Inc. to be sold to Morris J. Bernstein free and clear of all encumbrances for Fifteen Hundred Dollars ($1500.00) together with all rights to the business including name.

"Business to be conveyed within thirty days or less.

"If Business cannot be conveyed free and clear of all encumbrances, deposit to be returned within thirty days to Morris J. Bernstein.

"Seller agrees not to operate a taxi or cab service in the City of Warwick for a period of not less than five years after sale of this Business.

"Items included: All Stock of Lakewood Cab Co. Inc., 1 car—1954 Pontiac, 4 Taxi plates, office equipment and furniture, signs, radio antenna and telephone number plus prepaid car insurance thru November 1961.

Roswell W. Warner Sr. Pres.
Doris M. Warner—Sec."

The testimony is in conflict as to whether respondent Roswell W. Warner, Sr., objected to the noncompetitive provision in the June 22 document. He and his wife testified that objection was made; that although they intended to move to Scituate and operate a taxi and cab company in that area, they could not be sure it would be successful; that they intended to return and operate in Warwick if the Scituate venture proved unsuccessful; and that they considered the June 22 instrument as nothing more than a receipt for $200 and a binder on a subsequent sale.

The complainant testified that no objection was made to the noncompetitive clause, either at the time it was sold or five days later when the sale was consummated in the office of Israel Moses, counsel for respondents. Mr. Warner, however, corroborated by his wife, testified that he objected to signing the so-called receipt because it indicated an intention to sell more than was contemplated and also contained the objectionable noncompetitive clause.

In any event it is undisputed that on June 27, 1961 complainant, respondent Roswell W. Warner, Sr., and Israel Moses negotiated a final sale in the latter's office at which time, it is clear, several documents were prepared and signed by the respective parties.

Among such documents was a bill of sale from complainant as president of Lakewood Cab Co., Inc. conveying back to Mr. Warner a 1959 Chevrolet car, a taxi plate, a plate for a public car and two certificates, namely, taxi certificate No. 183 and public car or cab certificate No. P119. Although complainant admitted that at the same time he re-

ceived all the stock of the corporation and a bill of sale, nevertheless at the trial he failed to produce the latter stating that he could not find it.

The trial justice denied complainant the relief sought and dismissed the bill of complaint. He stated that he did so reluctantly but nevertheless was satisfied "* * * that when they went to Mr. Moses' office Mr. Moses disclosed to them that the conveyance not to compete on the part of the corporation itself was worthless. That is probably why it is not here."

The complainant has assigned seven reasons in his appeal, and has compressed them into three issues which we shall consider seriatim.

The complainant first contends that the agreement not to compete as set forth in the instrument of June 22, 1961 should have been enforced as a matter of law. He argues that respondents admitted reading and signing the agreement and that nowhere in the transcript does it appear that either of them made any objection or took any steps to delete or amend the noncompetitive provision.

Although it is true that respondents made no effort to delete or amend such provision, both testified that they did object. They further testified that they considered the June 22 instrument as nothing more than a receipt and not the final bill of sale. Whether the trial justice accepted this testimony, however, is immaterial since the agreement bound *the seller,* which by the express terms of the instrument was the corporation.

The complainant secondly contends that the trial justice was unwarranted in basing his decision on an assumption that Mr. Moses had advised the parties that since the purported agreement bound the corporation it was worthless. He argues that there is nothing in the record to sustain such a finding. This argument is without merit. From all of the testimony of the parties, the conveyance from complainant to Mr. Warner of the Warwick public car certificate and

plate, the failure of complainant to produce the final bill of sale from the corporation to him, and the testimony regarding attorney Moses' handling of the final negotiations, the trial justice could reasonably draw the inference to which complainant objects.

The complainant contends finally that the trial justice so disregarded the evidence that the decree is against the law and the evidence. We have carefully examined the record and cannot agree that he either overlooked or disregarded any relevant evidence, or misconceived the applicable law. The bill of complaint alleges that respondents agreed to bind themselves individually. The evidence and all of the reasonable inferences to be drawn therefrom do not support the allegations.

In support of all of his contentions the complainant argues that, although the noncompetitive agreement may technically bind the corporation, nevertheless the agreement on which he relies was prepared by a layman and was intended to bind the respondents individually. The agreement was drafted by the complainant and he was apparently content to have it signed by the respondents in their corporate capacities.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Thomas L. Marcaccio, Jr.,* for complainant.

*Johnson & Johnson, Walter Johnson, Martin Johnson,* for respondents.